KATHERINE KRAHENMANN, RESPONDENT, v. ALICE SCHULZ, WILLIAM SCHEER, AND JULIA SCHEER, DEFENDANTS, WILLIAM SCHEER AND JULIA SCHEER, APPELLANTS.—109 S. W. (2d) 889.

St. Louis Court of Appeals. Opinion filed November 2, 1937.

Motion for rehearing denied November 19, 1937.

Writ of certiorari denied February 5, 1938.

*Stonewall J. Walton* and *Henry Elias Haas* for appellants.

*Dubail, Wilson & Judge* for respondent..

SUTTON, C.—This is an action on a redemption bond executed to plaintiff, Katherine Krahenmann, by defendant Alice Schulz as principal, and William Scheer and Julia Scheer as sureties, in the sum of $1250.

On April 20, 1933, at a foreclosure sale under a deed of trust on certain property situated on Park Avenue, in the City of St. Louis, the plaintiff, Katherine Krahenmann, who was the holder of the deed of trust became the purchaser of the property. On May 10, 1933, defendant Alice Schulz, the maker of said deed of trust and

the owner of said property, instituted a suit in the circuit court of the city of St. Louis to redeem the property from the foreclosure sale, and the redemption bond in suit here was thereupon executed and approved by said court.

On April 25, 1934, the redemption suit was by the court dismissed, and the trustee, by his deed conveyed to plaintiff the property, pursuant to the foreclosure sale.

The redemption bond in suit was executed pursuant to, and is conditioned in accordance with, the requirements of section 3064, Revised Statutes 1929, Mo. St. Ann., sec. 3064, p. 1894.

Section 3063, Revised Statutes of Missouri, 1929, Mo. St. Ann., sec. 3063, p. 1892, provides that property which may be sold under any power of sale in a deed of trust and which at such sale shall be bought in by the holder of the debt thereby secured shall be subject to redemption within one year from the date of such sale.

Said section 3064 provides that no party shall have the right of redemption unless he shall give security for the payment of the interest on the debt secured by the deed of trust to accrue within such year after the foreclosure sale, and for the payment of the legal charges and costs of the sale, and for the payment of all interest accrued prior to the sale or thereafter which the purchaser may pay on any prior encumbrance, as well as the interest which may accrue thereon during such year allowed for redemption whether so paid or not, and "all taxes and assessments and interest and costs thereon whether general or special accrued or accruing during such year allowed for redemption," and for damages for all waste committed or suffered by the party giving such security of those claiming under him during such year, unless said property is so redeemed.

On August 10, 1934, plaintiff paid all delinquent taxes on the property, together with all interest and costs thereon, as follows: Taxes for the year 1931, $140.57; taxes for the year 1932, $127.94; taxes for the year 1933, $113.77; aggregating $382.28. She also paid the costs of the foreclosure sale amounting to $95.29. The interest on the debt secured by the deed of trust accruing during the year allowed for the redemption amounts to $300. Plaintiff obtained judgment for $777.57, the total amount of these items, against all the defendants, and from this judgment defendants William Scheer and Julia Scheer have appealed here.

Appellants complain that the damages assessed are excessive in that they include taxes for the years 1931 and 1932. They contend that the only taxes covered by the bond are the taxes accruing during the year allowed for redemption, and that taxes already accrued at the time of the execution of the bond are not covered. This construction of the bond is out of accord with its express terms. It is expressly conditioned for the payment of all taxes "accrued or accruing

during such year allowed for redemption." This language clearly covers taxes already accrued, as well as taxes accruing during the redemption year. To construe the language as covering only the taxes accruing during the redemption year would eliminate the word "accrued" as useless.

Moreover, it is elementary law that a mortgagor in possession is in duty bound to pay the taxes. This duty is a continuing one. It does not end when the taxes become delinquent. It would seem, therefore, unreasonable that a mortgagor, in seeking to avail himself of his right to redeem, be allowed to prolong his possession, and extend the time of payment of his mortgage debt as well, for a period of one year, without giving security for the payment of taxes already accrued, as well as for the payment of taxes accruing during such year.

Appellants further complain that the damages assessed are excessive in that they include interest accruing on taxes subsequent to the expiration of the year allowed for redemption. This presents a question not properly before us for review since it was not called to the attention of the court in the motion for a new trial.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.

### ON MOTION FOR REHEARING.

SUTTON, C.—Appellants appear to be laboring under the misapprehension that we have overlooked the rule that a surety bond must be construed so as to operate prospectively unless the intention that it shall operate retrospectively is made manifest by its terms. We have been mindful of that rule in construing the statute which fixes the terms of the bond, and we think we have construed the statute in consonance with that rule. The statute clearly requires the bond to cover taxes accrued, as well as taxes accruing during the year allowed for redemption, and we have instanced the obligation of the mortgagor in possession to protect the security, given by the mortgage, from impairment by the accrual of taxes, to show that the construction which makes the bond cover taxes accrued prior to the foreclosure, as well as taxes accruing during the year allowed for redemption, is a reasonable construction, and not an unreasonable one as contended by appellants. Taxes are peculiar in their effect upon the security given by a mortgage, in that they come on by operation of law subsequent to the giving of the mortgage and take precedence over the mortgage and thus impair the security, unless

they are paid. It is pertinent to observe that the statute makes the bond retrospective in another particular, that is, in that it requires that the bond cover all interest accrued prior to the foreclosure sale on any prior encumbrance. The term, "any prior encumbrance," evidently refers to any encumbrance existing prior to the giving of the mortgage. In case of a mortgage given subject to a prior encumbrance the security given is the equity of redemption, and accrued interest on the prior encumbrance, if unpaid, impairs the security given just as accrued taxes, if unpaid, impair the security. Why should the bond cover the one impairment and not the other in case the mortgagor is allowed by virtue of the bond to prolong his possession of the mortgaged property and extend the time for the payment of the mortgage debt for an additional year?

Appellants undertake to give the word "accrued" a useful purpose in the statute on the theory that there is a possibility that some taxes may have accrued subsequent to the foreclosure sale and prior to the execution of the bond, and that the word "accrued" is intended to cover such taxes. The trouble with this theory is that the language of the bond as required by the statute is ample to cover such taxes without the use of the word "accrued." The year allowed for redemption by the terms of the statute is the year succeeding the foreclosure sale, not the year succeeding the giving of the bond, and the statute, without the word "accrued," requires the bond to cover all taxes "accruing during such year allowed for redemption." If this language, without more, is not ample to cover the whole redemption year, then it does not mean what it plainly says. We do not see how this language could be made more comprehensive by the use of the word "accrued" unless it was intended to reach and cover taxes accrued prior to the commencement of the redemption year.

The Commissioner recommends that appellants' motion for a rehearing be overruled.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. Appellants' motion for a rehearing is accordingly overruled. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.